UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS SENTEMENTES,<br>　　Plaintiff,<br><br>v.<br><br>GOVERNOR NED LAMONT, STATE OF<br>CONNECTICUT, ET AL.,<br>　　Defendants. | :<br>:<br>:<br>:  Case No. 3:21cv407 (MPS)<br>:<br>:<br>:<br>: |

## INITIAL REVIEW ORDER

The plaintiff names Governor Ned Lamont in the caption of the complaint but includes ten defendants on an attached handwritten complaint, including Governor Ned Lamont, Sergeant Quinn, Officer Vadas, and Officer Patterson of the Redding Police Department; and private citizens John Wanat, Sean Wanat, Pasqualina Bastone, Daniel Sentementes, Bank of America CEO Brian Moynihan, and Susan Winters.[1] He asserts constitutional violations based on his alleged false arrest by the Redding Police for violating a restraining order after he posted on social media.

The plaintiff has asserted essentially the same allegations against the same defendants in docket 21cv453. *See Sentementes v. Lamont, et al.*, Case No. 3:21cv453 (MPS). In an initial review order, this court has already considered the plausibility of the plaintiff's constitutional claims under the First, Fourth and Fourteenth Amendments against the defendants arising from these allegations, and it permitted plaintiff's federal claim for false arrest claims to proceed against defendants Quinn, Vadas, and Patterson in their individual capacities along with state law claims of negligence, defamation, and slander against defendants Bastone, Winters, Sean Wanat,

---

[1] Sergeant Quinn, Officer Vadas, and Officer Patterson of the Redding Police Department; and private citizens John Wanat, Sean Wanat, Pasqualina Bastone, Daniel Sentementes, Bank of America

and John Wanat; and intentional infliction of emotional distress claims against defendants Quinn, Vadas, Patterson, Bastone, Winters, Sean Wanat, and John Wanat. *Id*. at ECF No. 8.

A district court enjoys substantial discretion to manage its docket efficiently to avoid duplicate litigation. *See Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir. 2001). As observed by the Second Circuit in *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000), a plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id*. at 139. Thus, a district court may invoke its power to administer its docket by staying or dismissing a suit that is duplicative of another suit in federal court. *See Taylor*, 238 F.3d at 197; *Curtis*, 226 F.3d at 138.

Generally, where two lawsuits include the same factual allegations and legal claims, "the first suit [filed] should have priority." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991). "Where two pending actions address the same legal claims and conduct, the court may dismiss the second action as long as the controlling issues in the dismissed action will be determined in the other lawsuit." *Edwards v. North American Power and Gas, LLC*, 2016 WL 3093356, at *3 (D. Conn. June 1, 2016) (internal quotation marks omitted).

Here, the court considers the matter under docket 21cv453 to constitute the prior pending case because it is already proceeding after initial review. *See Holliday v. City of Newington*, 2004 WL 717160, at *2 (D. Conn. Mar. 19, 2004) (dismissing first-filed action under prior pending action doctrine and resolving all claims in second-filed action "because the second-filed case involves the same claims as the claims in the first-filed case as well as the same defendants,

---

CEO Brian Moynihan, and Susan Winters as defendants in this case.

the defendants have appeared in the second-filed case and the court has already issued a scheduling order in the second-filed case").

The court concludes that it would be more efficient to have the plaintiff's federal and state law claims related to his arrest arising from his social media posting in January 2020 resolved in one action under docket 21cv453. Even if the two complaints do not include all of the same claims, the continued litigation of the prior pending action is favored if the plaintiff could "amend the complaint in each action to contain all of the issues and parties presently contained in either action." *Harnage v. Caldonero*, No. 3:16CV1876 (AWT), 2017 WL 2190057, at *4 (D. Conn. May 18, 2017) (citations omitted). Such is the case here. Accordingly, the instant complaint is dismissed under the prior pending action doctrine. *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

The Complaint, [**ECF No. 1**], is **DISMISSED** in the interest of justice consistent with the prior pending action doctrine. *See* 28 U.S.C. § 1915A(b)(1). The Clerk is directed to enter judgment and close this case.

SO ORDERED at Hartford, Connecticut this 18th day of May 2021.

                                                      /s/
                                          Michael P. Shea
                                          United States District Judge